IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT W. WILLIAMS, SR., on his own behalf and as parent and next friend of R.W., Jr., a minor,
Plaintiff,
v.
ASSISTANT DISTRICT ATTORNEY JOHN R. CANAVAN, in his individual capacity;
CORPORAL ESTEBAN RESTREPO, in his individual capacity;
OFFICER JOSHUA APPLEBY, in his individual capacity;
OFFICER TYLER GLUNT, in his individual capacity;
THE CITY OF HARRISBURG; and
THE COUNTY OF DAUPHIN,
Defendants.

FILED
HARRISBURG, PA
JUN 06 2025
PER _____ DEPUTY CLERK

Case No.: 1:25-cv-01016

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DEMAND FOR JURY TRIAL

PRELIMINARY STATEMENT

This is a civil rights action to redress a series of escalating and flagrant constitutional violations perpetrated against Plaintiff Robert W. Williams, Sr. and his minor son, R.W., Jr. The events unfolded in two distinct encounters, beginning with an unlawful seizure and assault by a police officer and culminating in a terrifying, prosecutor-directed home invasion and a brutal assault witnessed by a child.

The first encounter involved an officer unlawfully seizing Mr. Williams from his home, causing injury. After this initial assault, Mr. Williams and his son retreated into their home for safety and resolved the internal family matter that had prompted the police call.

Rather than respecting the de-escalated situation, the officers engaged their supervisor, Defendant Corporal Restrepo, who then directed them to contact Defendant Assistant District Attorney John R. Canavan. Acting far outside his judicial role, Defendant Canavan instructed the officers to return to the Williams' home and escalate the situation.

During the second encounter, Defendants returned and threatened to kick in the family's door, coercing the terrified minor child to open it. Officers then dragged Mr. Williams from his home and subjected him to a violent assault just inches from his son, who recorded the brutality while screaming in horror. The officers then compounded the constitutional injuries by unlawfully detaining the minor child, refusing to allow him to re-enter his own home. This action seeks to hold every Defendant accountable for their role in this shocking abuse of state power.

JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. §§ 1983 and 1985.

This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as all events and omissions giving rise to the claims occurred within this judicial district.

PARTIES

Plaintiff Robert W. Williams, Sr. is an adult citizen of the United States and a resident of Harrisburg, Pennsylvania.

Plaintiff R.W., Jr. is a minor child and a resident of Harrisburg, Pennsylvania, who brings this action through his father and next friend, Robert W. Williams, Sr.

Defendant John R. Canavan was, at all relevant times, an Assistant District Attorney for the Dauphin County District Attorney's Office, acting under color of law. He is sued in his individual capacity.

Defendant Corporal Esteban Restrepo was, at all relevant times, a Corporal with the City of Harrisburg Police Department and supervisor on scene, acting under color of law. He is sued in his individual capacity.

Defendant Officer Joshua Appleby was, at all relevant times, a police officer with the City of Harrisburg Police Department, acting under color of law. He is sued in his individual capacity.

Defendant Officer Tyler Glunt was, at all relevant times, a police officer with the City of Harrisburg Police Department, acting under color of law. He is sued in his individual capacity.

Defendant The City of Harrisburg is a municipal corporation responsible for the policies and customs of its Police Department.

Defendant The County of Dauphin is a political subdivision responsible for the policies and customs of the Dauphin County District Attorney's Office.

FACTUAL ALLEGATIONS

A. The First Encounter: Unlawful Seizure and Assault

16. On the evening of January 27, 2025, following an internal family dispute, City of Harrisburg Police Officers Tyler Glunt and Joshua Appleby arrived at the Williams family home.

17. Officer Glunt began speaking with the minor child, R.W., Jr., while Officer Appleby engaged Mr. Williams.
18. Mr. Williams attempted to lawfully terminate his consensual conversation with Officer Appleby. In response, Officer Appleby, without provocation or legal justification, unlawfully seized Mr. Williams, grabbing him and forcibly pulling him from the doorway of his home.
19. This unlawful seizure caused a direct and immediate injury to Mr. Williams's arm, all of which occurred in the presence of his son, R.W., Jr.
20. Mr. Williams verbally objected, stating to Officer Appleby that he had assaulted him and that he intended to sue him for his conduct.
21. Fearing further escalation and for his son's safety, Mr. Williams instructed his son to go back inside the house. Mr. Williams followed shortly after, closing the door on the encounter.
22. Officers Appleby and Glunt then departed from the immediate vicinity of the home.

B. The Intervening Period: De-escalation and a Conspiracy to Escalate

23. Inside the home, Mr. Williams and R.W., Jr. talked through their earlier family dispute and fully resolved it. The crisis that prompted the initial call was over.
24. R.W., Jr., having witnessed the assault on his father, took photographs of the fresh injuries to Mr. Williams's arm caused by Officer Appleby.
25. Meanwhile, upon leaving the scene, Officer Appleby contacted his supervisor, Defendant Corporal Esteban Restrepo, to report the incident.
26. Upon information and belief, Corporal Restrepo, rather than de-escalating the situation, instructed Officer Appleby to contact the on-call prosecutor, Defendant Assistant District Attorney John R. Canavan.
27. This chain of communication—from line officer to supervisor to prosecutor—formed an agreement and plan to return to the Williams' home and take further action, despite knowing the initial encounter had ended and the officers had already left the scene.

C. The Second Encounter: Prosecutor-Directed Home Invasion and Brutality

28. At the direction of Defendant ADA Canavan, Defendants Corporal Restrepo, Officer Appleby, and Officer Glunt returned to the Williams' residence.
29. They surrounded the home. R.W., Jr. spoke to them through the closed door, informing them that he was fine.
30. The officers, under the direction of Corporal Restrepo, rejected the child's statement. They demanded entry to "visually" confirm he was fine and explicitly threatened to kick the door in if it was not opened.
31. Out of fear of imminent violence against his home and family, R.W., Jr. opened the door.
32. The instant the door was opened, Defendant Corporal Restrepo, without a warrant and without any lawful basis, reached into the home, grabbed Mr. Williams, and forcibly pulled him out onto the porch.
33. With Mr. Williams's son, R.W., Jr., standing mere inches away, the Defendant Officers violently threw Mr. Williams to the ground.
34. R.W., Jr. began recording the incident with a cell phone. On the recording, R.W., Jr. can be heard screaming in terror, "Stop, please!" and "Oh god!" as he watches the officers brutally assault his father.

35. As a direct result of this second, more violent assault, Mr. Williams suffered serious and painful physical injuries, including a torn labrum requiring surgical intervention.

D. The Unlawful Seizure of the Minor Child, R.W., Jr.

36. After Mr. Williams was handcuffed and placed in a police car, the Defendant Officers refused to allow his son, R.W., Jr., to return to the safety of his home.

37. Instead, they detained R.W., Jr. outside for over twenty minutes, questioning him against his will.

38. From the police car, Mr. Williams saw his son being detained and yelled to him, instructing him to stop talking to the police and go inside, stating that he was not under arrest and was old enough to be home alone.

39. R.W., Jr. yelled back to his father, "I can't... they won't let me!"

40. This detention of R.W., Jr. was without reasonable suspicion or any other legal justification and constituted a separate and distinct unlawful seizure.

41. The entirety of these events, from the initial assault to the detention of his son, caused Mr. Williams and R.W., Jr. severe emotional distress, with R.W., Jr. requiring subsequent psychiatric hospitalization.

COUNT I – 42 U.S.C. § 1983
Fourth Amendment – Unreasonable Seizure (Warrantless Home Entry & Coerced Consent)
(Against Defendants Canavan, Restrepo, Appleby, and Glunt)

42. Plaintiffs incorporate by reference all preceding paragraphs.

43. Warrantless entry into a person's home is presumptively unreasonable. Payton v. New York, 445 U.S. 573 (1980). A purported consent to enter is invalid if it is the result of duress or coercion. Bumper v. North Carolina, 391 U.S. 543 (1968).

44. Defendants threatened to kick in the door to the Williams' home, an explicit show of force and intent to commit violence. The minor child, R.W., Jr., opened the door only as a result of this direct threat and coercion. This was not a valid consent.

45. The subsequent entry by Defendant Restrepo to seize Mr. Williams was therefore a warrantless, unconstitutional intrusion in violation of the Fourth Amendment.

COUNT II – 42 U.S.C. § 1983
Fourth Amendment – Unreasonable Seizure (Excessive Force)
(Against Defendants Restrepo, Appleby, and Glunt)

46. Plaintiffs incorporate by reference all preceding paragraphs.

47. The Fourth Amendment protects against the use of excessive force. Graham v. Connor, 490 U.S. 386 (1989).

48. Defendant Officers used excessive force on two separate occasions:

a. First, when Defendant Appleby unlawfully seized Mr. Williams and injured his arm during the initial encounter.

b. Second, when Defendants, under the supervision of Corporal Restrepo, dragged Mr. Williams from his home and violently assaulted him on the ground.

49. On both occasions, the force used was objectively unreasonable, as Mr. Williams was not resisting, was not a threat, and was not attempting to flee. This conduct violated Mr. Williams's clearly established Fourth Amendment rights.

COUNT III – 42 U.S.C. § 1983
Fourth Amendment – Unreasonable Seizure of a Person
(Against Defendants Restrepo, Appleby, and Glunt, on behalf of R.W., Jr.)
50. Plaintiffs incorporate by reference all preceding paragraphs.
51. A "seizure" of a person occurs when a state actor, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968).
52. Defendant Officers restrained the liberty of R.W., Jr. for over twenty minutes outside his home. They did so by a show of authority, communicating to him that he was not free to leave, a fact confirmed when R.W., Jr. yelled to his father, "they won't let me!"
53. This seizure was not supported by reasonable suspicion that R.W., Jr. had committed or was about to commit a crime, and it was therefore an unreasonable seizure in violation of his Fourth and Fourteenth Amendment rights.

COUNT IV – 42 U.S.C. § 1983
Fourteenth Amendment – Substantive Due Process (State-Created Danger)
(Against Defendants Canavan, Restrepo, Appleby, and Glunt, on behalf of R.W., Jr.)
54. Plaintiffs incorporate by reference all preceding paragraphs.
55. A state actor violates the Fourteenth Amendment when they affirmatively use their authority to create a danger that results in harm to a citizen. Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996).
56. Defendants' conduct meets the Third Circuit's four-part test:
a. Foreseeable Harm: The severe psychological harm to a child forced to watch, from inches away, masked men threaten entry and then brutally assault his father is eminently foreseeable and direct.
b. Shocks the Conscience: The Defendants' conduct—returning to a de-escalated scene at a prosecutor's direction to threaten and coerce a child into opening a door, then assaulting his father in front of him—is a shocking and outrageous abuse of authority.
c. Foreseeable Victim: As the child present at the scene of the orchestrated violence, R.W., Jr. was a clearly foreseeable victim.
d. Affirmative Act: Defendants affirmatively used their state power to return to the home and create a violent confrontation that would not have otherwise existed, which directly caused R.W., Jr.'s trauma.
57. This conduct violated R.W., Jr.'s clearly established substantive due process rights.

COUNT V – 42 U.S.C. § 1983
Prosecutorial Misconduct – Deprivation of Constitutional Rights
(Against Defendant Canavan)
58. Plaintiffs incorporate by reference all preceding paragraphs.
59. A prosecutor is not entitled to absolute immunity when giving legal advice to police or directing their actions in an investigative capacity. Burns v. Reed, 500 U.S. 478 (1991).
60. Defendant Canavan's conduct—instructing officers to return to a scene and take further action after being briefed by them—is a quintessential investigative and police-direction

function, not a judicial one. By orchestrating the second encounter, he directly caused the violation of Plaintiffs' rights and is not shielded by absolute immunity.

COUNT VI – 42 U.S.C. § 1985(3)
Conspiracy to Interfere with Civil Rights
(Against Defendants Canavan, Restrepo, Appleby, and Glunt)
61. Plaintiffs incorporate by reference all preceding paragraphs.
62. The Defendants formed and executed a conspiracy to deprive Plaintiffs of their constitutional rights. The agreement is evidenced by the chain of communication: Appleby reported to Restrepo, who directed him to contact Canavan, who in turn directed the officers to return to the scene and act.
63. In furtherance of this conspiracy, Defendants committed the overt acts described herein, including the coerced entry, the assault, and the unlawful detention of R.W., Jr.

COUNT VII – 42 U.S.C. § 1983
Supervisory Liability
(Against Defendant Restrepo)
64. Plaintiffs incorporate by reference all preceding paragraphs.
65. A supervisor is liable under § 1983 for their personal involvement in a constitutional wrong, including through personal direction or actual knowledge and acquiescence. Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988).
66. Defendant Restrepo was personally involved by: (1) directing his subordinate to contact ADA Canavan, thereby setting the conspiracy in motion; (2) personally supervising the unconstitutional second encounter; (3) personally threatening to kick the door in; (4) personally pulling Mr. Williams from his home; and (5) overseeing and acquiescing in the subsequent assault and the unlawful detention of R.W., Jr.

COUNT VIII – 42 U.S.C. § 1983
Municipal Liability for Unconstitutional Custom or Policy (Monell Claim)
(Against Defendants City of Harrisburg and County of Dauphin)
67. Plaintiffs incorporate by reference all preceding paragraphs.
68. Municipalities are liable for constitutional violations resulting from a policy or custom, including a failure to train or supervise amounting to deliberate indifference. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); City of Canton v. Harris, 489 U.S. 378 (1989).
69. The actions described herein demonstrate a custom within the City of Harrisburg and County of Dauphin of: (a) failing to train officers on lawful entry and de-escalation; (b) failing to discipline officers for excessive force; and (c) an unconstitutional custom of prosecutors directing police field operations. These failures were the moving force behind Plaintiffs' injuries.

COUNT IX – PENDENT STATE LAW CLAIMS
(Against Defendants Canavan, Restrepo, Appleby, and Glunt)
70. Plaintiffs incorporate by reference all preceding paragraphs.
71. Assault and Battery: The two physical attacks on Mr. Williams constitute assault and battery.

72. Intentional Infliction of Emotional Distress: The Defendants' extreme and outrageous conduct caused severe emotional distress to both Plaintiffs.

73. False Imprisonment: The unlawful seizures of Mr. Williams and the subsequent unlawful detention of R.W., Jr. constitute false imprisonment.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against all Defendants, jointly and severally, and for the following relief:

A. A declaratory judgment that Defendants' acts violated Plaintiffs' rights;
B. Compensatory damages in an amount to be determined at trial;
C. Punitive damages against the individual Defendants for their willful and malicious conduct;
D. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
E. Such other and further relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

ROBERT W. WILLIAMS, SR.
Pro Se Plaintiff
1630 N. 5th Street
Harrisburg, PA 17102
Phone: (717) 418-6122
Email: webbdinero@gmail.com
Date: June 6, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R.W. JR., a minor,
By and through ROBERT W. WILLIAMS, SR.,
as next friend,

Plaintiff,

v.

ASSISTANT DISTRICT ATTORNEY JOHN R. CANAVAN, individually; OFFICER JOSHUA APPLEBY, individually; CORPORAL ESTEBAN RESTREPO, individually; OFFICER TYLER GLUNT, individually; CITY OF HARRISBURG; and DAUPHIN COUNTY,

Defendants.


FILED
HARRISBURG, PA
JUN 06 2025
PER _____
DEPUTY CLERK

Civil Action No. 1:25-cv-01016

# COVER LETTER FOR INITIAL FILING

## TO THE HONORABLE COURT AND CLERK'S OFFICE:

Enclosed please find initial filings in a civil rights action on behalf of minor plaintiff R.W. Jr., arising under 42 U.S.C. §§ 1983 and 1985. The filing package consists of the following documents submitted in the order listed:

**1. Application to Proceed In Forma Pauperis** pursuant to 28 U.S.C. § 1915
**2. Motion for Appointment of Guardian ad Litem** pursuant to Federal Rule of Civil Procedure 17(c)(2)
**3. Certificate of Service**

## PROCEDURAL APPROACH

This filing package follows established Middle District practice for civil rights cases involving minor plaintiffs. The Motion for Appointment of Guardian ad Litem seeks mandatory appointment under Federal Rule of Civil Procedure 17(c)(2), which requires courts to appoint qualified representation for unrepresented minors.

## EVIDENCE AND DOCUMENTATION

All supporting documentation, including medical records, educational records, video recordings, and other evidence, will be provided directly to the appointed Guardian ad Litem upon appointment rather than filed with the Court at this preliminary stage. This approach protects the minor plaintiff's privacy while ensuring that appointed counsel has immediate access to all evidence necessary for professional case evaluation and development.

## REQUESTED RELIEF

Respectful request is made for: - Expedited consideration of the Application to Proceed In Forma Pauperis - Prompt appointment of a Guardian ad Litem with federal civil rights expertise - Referral to the Middle District Pro Bono Program for qualified counsel assignment

## URGENCY

Given the minor plaintiff's ongoing psychological treatment following the traumatic incident and the need for immediate professional legal representation, expedited consideration of these motions would serve the interests of justice and protect the minor's constitutional rights.

The constitutional violations alleged involve serious Fourth and Fourteenth Amendment claims requiring sophisticated legal analysis and strategic case development that can only be provided by experienced federal civil rights counsel.

## CONTACT INFORMATION

For any questions regarding this filing or to schedule conferences upon Guardian ad Litem appointment, please contact:

**Robert W. Williams, Sr.**
**Next Friend for R.W. Jr.**
1630 N. 5th Street
Harrisburg, PA 17102
Phone: (717) 418-6122

Thank you for your consideration of these important constitutional claims on behalf of minor plaintiff R.W. Jr.

---

**Respectfully submitted,**

**ROBERT W. WILLIAMS, SR.**
**Next Friend for R.W. Jr.**
1630 N. 5th Street
Harrisburg, PA 17102
Phone: (717) 418-6122
Pro Se

Date: 06-05-2025