Case 1:25-cv-01016-JKM   Document 6   Filed 06/26/25   Page 1 of 4

FILED
HARRISBURG, PA
JUN 26 2025
PER_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RWW, JR., a minor, by and through his parent and next friend, ROBERT W. WILLIAMS, SR.,
Plaintiff, Civil Action No. 1:25-cv-01016-JKM

(District Judge Julia K. Munley)
v.                          (Chief Magistrate Judge Daryl F. Bloom)

JOHN R. CANAVAN, et al.,
Defendants.

---

PLAINTIFF'S OBJECTIONS TO THE REPORT & RECOMMENDATION DATED
JUNE 24 2025 AND MOTION TO REJECT—OR ALTERNATIVELY
TO STAY—PURSUANT TO FED. R. CIV. P. 72(b)

---

TABLE OF CONTENTS

I. INTRODUCTION........................................................................................... 1
II. BACKGROUND............................................................................................ 2
III. STANDARD OF REVIEW............................................................................ 4
IV. ARGUMENT................................................................................................. 4
  A. Younger abstention does not apply............................................................ 4
    1. Sprint confines Younger to three narrow categories............................ 4
    2. The federal plaintiff is not a party to the state prosecution................ 5
    3. The Middlesex factors are unsatisfied.................................................. 6
  B. Dismissal of a § 1983 damages claim squarely violates Deakins........... 7
  C. Exceptional circumstances militate against abstention........................... 8
  D. Procedural rules compel docketing, GAL appointment, and service..... 9
V. RELIEF REQUESTED.................................................................................. 10
CERTIFICATE OF SERVICE............................................................................ 11

TABLE OF AUTHORITIES

CASES
Borowski v. Kean Univ., 68 F.4th 844 (3d Cir. 2023)................................. 6, 8
Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)....... 1
Deakins v. Monaghan, 484 U.S. 193 (1988)................................................ 7, 8
Doran v. Salem Inn, Inc., 422 U.S. 922 (1975)............................................ 5, 6
Kumar v. Grewal, 38 F.4th 364 (3d Cir. 2022)............................................ 5
Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010)..................................... 7

Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423 (1982).... 6
Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69 (2013)................................. 4, 5, 6, 8
Steffel v. Thompson, 415 U.S. 452 (1974)............................................................. 6
Williams v. Red Bank Borough Council, 68 F.4th 844 (3d Cir. 2023)...................... 7

STATUTES & RULES
42 U.S.C. § 1983 ...........................................................................................passim
28 U.S.C. § 636(b)(1)............................................................................................ 4
28 U.S.C. § 1915(d)............................................................................................... 9
Fed. R. Civ. P. 17(c), 72(b)................................................................................4, 9
M.D. Pa. L.R. 5.1, 5.2, 7.8, 72.3............................................................................ 9

## I. INTRODUCTION

Magistrate Judge Bloom's Report & Recommendation ("R&R," ECF 5) invokes **Younger v. Harris, 401 U.S. 37 (1971)** to recommend dismissal of this minor plaintiff's § 1983 damages action. The recommendation is legally untenable for two independent reasons:

1. **Younger abstention is categorically inapplicable** because Plaintiff ROBERT W. WILLIAMS, JR. ("R.W., Jr.") is not—and never has been—a party to the pending state prosecution against his father. Post-**Sprint** precedent confines Younger to situations where the federal plaintiff is before the state tribunal.

2. Even if abstention were conceivable, Supreme Court and Third-Circuit authority (**Deakins, Williams v. Red Bank**) forbid dismissal of damages claims; the Court may, at most, enter a stay.

Because federal courts have a "*virtually unflagging obligation*" to exercise the jurisdiction Congress confers, **Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)**, the R&R must be rejected and this action permitted to proceed.

## II. BACKGROUND

1. **January 27 2025 – Incident.** Officers Joshua Appleby and Esteban Restrepo entered the Williams home without a warrant, dragged Robert W. Williams, Sr. outside, and left his 17-year-old son, Plaintiff R.W., Jr., standing directly beside him. After his father told him to go inside, R.W., Jr. attempted to comply and later asked to check on his father's injuries; officers blocked both requests and unlawfully detained and questioned him without counsel, consent, or Miranda warnings. He was never charged.

2. **Psychological Harm.** The ordeal precipitated acute PTSD symptoms, necessitating an overnight psychiatric admission on January 27 and one later readmission.

3. **Father's Criminal Case.** Commonwealth v. Williams, Sr., Docket CR-89-25 (M-1 charges) remains pending; R.W., Jr. is neither defendant nor witness.

4. **Federal Suit.** On June 6 2025 Plaintiff lodged his § 1983 complaint and moved for IFP status and GAL appointment (ECF 1–3).

5. **R&R.** On June 24 2025 Magistrate Judge Bloom recommended dismissal under Younger. Objections are timely under Fed. R. Civ. P. 72(b)(2).

III. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court reviews *de novo* those portions of the R&R to which specific, timely objections are made.

IV. ARGUMENT

A. **Younger abstention does not apply.**

1. **Sprint** confines Younger to three categories: (i) criminal prosecutions; (ii) coercive civil-enforcement actions; (iii) civil orders uniquely furthering state-court functions. 571 U.S. at 78-81. Plaintiff's § 1983 damages action fits none.

2. Plaintiff is not a party to the state proceeding. *Doran*, 422 U.S. at 930-31; *Steffel*, 415 U.S. at 462. Abstention therefore fails at the threshold.

3. The **Middlesex** factors likewise collapse: (a) no state proceeding against Plaintiff; (b) generalized state interests are not implicated; (c) Plaintiff lacks a state forum for § 1983 damages.

B. **Dismissal violates Deakins.**

The Supreme Court eliminated discretion: "The District Court has **no** discretion to dismiss rather than **stay** claims for monetary relief." *Deakins*, 484 U.S. at 202-03; see *Williams v. Red Bank*, 68 F.4th at 856; *Lazaridis*, 591 F.3d at 670.

C. **Exceptional circumstances exist.**

Absent immediate federal relief, a traumatized minor faces ongoing psychiatric harm—an extraordinary circumstance recognized in *Younger*, 401 U.S. at 46, and *Sprint*, 571 U.S. at 82.

### D. Procedural rules mandate docketing and service.

Fed. R. Civ. P. 17(c) authorizes suit by a next friend; 28 U.S.C. § 1915(d) requires service once IFP is granted; Local Rules 5.1 & 5.2 govern form.

## V. RELIEF REQUESTED

Plaintiff respectfully asks the Court to:
1. SUSTAIN these objections and REJECT the R&R;
2. GRANT Plaintiff's IFP and GAL motions;
3. DIRECT the Clerk to file the complaint *nunc pro tunc* to June 6 2025 and issue summonses; or
4. In the alternative, STAY the action pending completion of Commonwealth v. Williams, Sr.

Dated: 06-26-25 2025 Respectfully submitted,

/s/ Robert W. Williams, Sr.
ROBERT W. WILLIAMS, SR.
Parent & Next Friend of R.W., Jr.
1630 Fifth Street, Harrisburg, PA 17102 • (717) -_ • *Pro se*

### CERTIFICATE OF SERVICE

I certify that on 06-26- 2025 I filed the foregoing via CM/ECF, which sends notice to all registered counsel, and mailed copies to any non-registered parties.

/s/ Robert W. Williams, Sr