## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT W. WILLIAMS, SR.,** | : | **No. 1:25cv1016** |
| **on his own behalf and as parent** | : | |
| **and next friend of R.W., Jr., a minor,** | : | **(Judge Munley)** |
| **Plaintiff** | : | |
| | : | **(Chief Magistrate Judge Bloom)** |
| **v.** | : | |
| | : | |
| **ASSISTANT DISTRICT ATTORNEY** | : | |
| **JOHN R. CANAVAN, in his individual** | : | |
| **capacity, *et al.*** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

This case arises from a father and a son arguing, City of Harrisburg police officers intervening, and the Dauphin County District Attorney's Office pursuing charges against the father. In response, the father, Plaintiff Robert W. Williams, Sr. filed this action under 42 U.S.C. § 1983 ("Section 1983"). He asserts claims on his own behalf. He also asserts several claims on behalf of his son, R.W., Jr. (Doc. 1).

To address this conflict of interest, Williams, Sr. filed a motion for the appointment of a guardian ad litem along with his complaint. (Doc. 3). In making this request, he used generative artificial intelligence ("AI"). The AI model, however, cited a real Fourth Circuit case for a proposition it does not contain. The AI model also declared that the case was an on-point decision of the

Third Circuit, which it is not.    Under the law, a parent cannot represent his child in federal court, even with the help of an AI chatbot.

The complaint in this matter was referred to Chief Magistrate Judge Daryl F. Bloom for review pursuant to 28 U.S.C. § 1915(e)(2).  Magistrate Judge Bloom reviewed the complaint and took judicial notice of the underlying criminal proceedings.  His report and recommendation ("R&R") proposes dismissing the complaint without prejudice based on the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). (Doc. 5).

Williams, Sr. subsequently filed AI-aided objections to the R&R, which are pending before the court.[1] (Doc. 6).  Reviewing the record *de novo*, the court will take a different approach to the R&R and the objections.

**Background and Procedural History**

Williams, Sr.'s objections do not challenge the background facts in the R&R.  Seeing no error, the court will adopt those facts as follows:

---

[1] Williams's objections to the R&R include a table of contents and table of authorities corresponding to an eleven-page document. (Doc. 6 at ECF p. 1–2).  As filed, the objections are four (4) pages in length and do not reference many of the cases listed in the table of authorities. Additionally, the signature block contains space for a phone number that has not been fully completed by the plaintiff, as if the AI model was provided the plaintiff's home address and nothing more. Id. at ECF p. 4.

2

The complaint asserts that on January 27, 2025, Defendants Appleby and Glunt arrived at Williams's home "following an internal family dispute[.]" Williams claims that Appleby unlawfully seized and assaulted him in front of his minor son, and that he then instructed his son to go back inside the home.

After Williams and his son both retreated into their home, Williams asserts that the officers, at the direction of ADA John Canavan, escalated the situation by coercing his son to open the door, resuming the encounter, and forcibly arresting Williams.

Williams alleges that the officers brutally assaulted him, which his son captured on video, and that the officers unlawfully detained his son while they were assaulting him.

Based upon these allegations, Williams asserts claims against the officers, the ADA, Dauphin County, and the City of Harrisburg pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights, as well as related state law claims. As relief, Williams requests compensatory and punitive damages, a declaratory judgment, and attorney's fees.

(Doc. 5 at 1–2) (citations omitted, formatting modified).

As alluded to above, Williams, Sr. is currently being prosecuted in the

Dauphin County Court of Common Pleas for endangering the welfare of children,

resisting arrest, and obstruction.  Id. at 2–3. (taking judicial notice of proceedings in Commonwealth v. Williams, Sr., No. CP-22-CR-0001786-2025 (Dauphin Co. Ct. Comm. Pl.)).[2]

Plaintiff filed the instant Section 1983 complaint on June 6, 2025, and concurrently moved for leave to proceed in forma pauperis ("IFP") using a handwritten form. (Doc. 2).  Noting Williams, Sr.'s lack of employment, the IFP motion will be granted.[3]  Williams, Sr. also filed a motion to appoint a guardian ad litem for R.W., Jr. (Doc. 3).  That motion will be addressed in detail below.

The matter was subsequently assigned to Chief Magistrate Judge Bloom for review of the complaint pursuant to 28 U.S.C. § 1915(e)(2).  In performing this screening, Chief Magistrate Judge Bloom observed the pending state prosecution and recommended that the court dismiss the complaint without prejudice pursuant to Younger. (Doc. 5).  The logic behind the recommendation was to avoid interference with the plaintiff's state criminal charges currently pending in Dauphin County. Id.

---

[2] See also https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-22-CR-0001786-2025&dnh=wYezg1Pqm9oK9Ew4rLXKVw%3D%3D (last accessed December 12, 2025).

[3] The court also notes dramatic stylistic differences between the IFP motion and Williams's other submissions.  That is, Williams's filings display a clear shift from a lay pleading style, ("$1600 a month for property management. currently looking for a new opportunity."), (Doc. 2, at 1), to a polished, confident narrative, ("The officers then compounded the constitutional injuries by unlawfully detaining the minor child, refusing to allow him to re-enter his own home."), (Doc. 1, Compl at 1).

Williams, Sr. filed objections to the R&R without delay — just two days later. (Doc. 6). Those objections are ripe for disposition.

## Jurisdiction

The court has jurisdiction over the plaintiff's Section 1983 claims under 28 U.S.C. § 1331.

## Standard of Review

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

## Analysis

### 1. The Objections

Having observed an uptick in pro se litigants relying upon cut-and-paste AI outputs in their legal filings, the court must address the machine: It served Williams, Sr. well in some respects, but it did not serve him well in others.

5

Williams, Sr.'s objections to the R&R begin as follows:

## I. INTRODUCTION

Magistrate Judge Bloom's Report & Recommendation ("R&R," ECF 5) invokes **Younger v. Harris, 401 U.S. 37 (1971)** to recommend dismissal of this minor plaintiff's § 1983 damages action. The recommendation is legally untenable for two independent reasons:

1. **Younger abstention is categorically inapplicable** because Plaintiff ROBERT W. WILLIAMS, JR. ("R.W., Jr.") is not—and never has been—a party to the pending state prosecution against his father. Post-**Sprint** precedent confines Younger to situations where the federal plaintiff is before the state tribunal.

2. Even if abstention were conceivable, Supreme Court and Third-Circuit authority **(Deakins, Williams v. Red Bank)** forbid dismissal of damages claims; the Court may, at most, enter a stay.

Because federal courts have a "*virtually unflagging obligation*" to exercise the jurisdiction Congress confers, **Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)**, the R&R must be rejected and this action permitted to proceed.

(Doc. 6).  These objections are thought-provoking; however, they will not be addressed as filed.  Doing so would put this case in a box that an AI service reasoned it should be in.  Judges do not always think in probabilities or algorithms.

To start, neither the R&R nor the objections contemplate a conspicuous issue:  Williams, Sr. is simultaneously charged with endangering the welfare of his son and advancing Section 1983 claims for money damages on his son's behalf.  With the objections, he is also trying to save his son's claims from dismissal.  The court cannot disregard this practice.

The Federal Rules of Civil Procedure provide that:

> A minor or an incompetent person who does not have a
> duly appointed representative may sue by a next friend or
> by a guardian ad litem. The court must appoint a guardian
> ad litem—or issue another appropriate order—to protect a
> minor or incompetent person who is unrepresented in an
> action.

FED. R. CIV. P. 17(c)(2).

The above rule imposes an "obligation to issue an appropriate order" to

protect a minor's interests. Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012)

(quoting FED. R. CIV. P. 17(c)(2)). This obligation led the court to review the

separate motion for appointment of a guardian ad litem. In doing so, the

plaintiff's AI usage became apparent. This is where AI did not serve him well.

Specifically, in Section 1.2 of the motion, which is entitled "Third Circuit

Precedent," Williams, Sr. cites "Doe v. Public Citizen, 749 F.3d 246, 254 (3d Cir.

2014)." (Doc. 3 at 2). Referencing that case, he argues: "The Third Circuit has

emphasized that Guardian ad Litem appointment serves dual purposes:

protecting the minor's substantive rights and ensuring the integrity of judicial

proceedings." Id. at 2. Williams, Sr. further argues: "The court's analysis in Doe

establishes that appointment is particularly crucial in civil rights cases where

complex constitutional issues require sophisticated legal analysis and strategic

case development." Id.

Doe v. Public Citizen is, in the world populated by humans, a Fourth Circuit case dealing with matters wholly unrelated to the appointment of a guardian ad litem. 749 F.3d 246 (4th Cir. 2014). The case concerns public access to judicial records in a lawsuit filed against the United States Consumer Product Safety Commission and an appeal by public interest groups seeking disclosure. The specific page misrepresented by Williams, Sr. contains part of Judge Henry F. Floyd's analysis of the Consumer Product Safety Improvement Act of 2008. Id. at 254. This is a serious error by Williams, Sr.

While the court is directed to give pro se litigants "greater leeway" in some respects, especially when interpreting their pleadings, pro se litigants cannot flout the rules — "they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Rule 11 covers AI hallucinations:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an…unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: …the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

FED. R. CIV. P. 11(b)(2).

8

Rule 11 violations permit the imposition of sanctions after notice and an opportunity to respond. FED. R. CIV. P. 11(c).   In light of the circumstances, the court need not escalate the situation.  Some might see irony with this particular AI hallucination.  The court sees an unwary user trying out "free" publicly available AI tools, which tout their ability to conduct in-depth research.

### 2. R.W. Jr.'s Claims Will Be Dismissed Without Prejudice

The above discussion brings the court back around to one of the main issues.  In the federal courts, "parties may plead and conduct their own cases personally[.]" 28 U.S.C. § 1654.  However, a nonlawyer parent is not entitled to play the role of attorney for his children in federal court. Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991). Consequently, to the extent that Williams, Sr. attempts to bring any claims on behalf of R.W., Jr. in the complaint, he cannot represent his son *pro se*. See id. at 882–83.  As this case presents itself, R.W., Jr. appears to be the alleged victim in the criminal case against the plaintiff in the Dauphin County Court of Common Pleas.  Williams, Sr. also appears to have placed the success of his son's civil rights claims in the hands of a chatbot.  By using AI to frame the legal narrative on behalf of his son, Williams, Sr. has already overstepped.

After careful consideration, appointing a guardian ad litem does not solve the issue.  Williams, Sr. has asserted that R.W., Jr. was 17 years old as of June

2025. (Doc. 3). Therefore, if R.W., Jr. has not already turned 18 at the time of

this decision, he will shortly. For that reason, the way to protect R.W., Jr.'s

interests is to dismiss his Section 1983 claims against the defendants without

prejudice. See Grizzell v. San Elijo Elementary Sch., 110 F.4th 1177, 1179 (9th

Cir. 2024), cert. denied, 145 S. Ct. 2701, 221 L. Ed. 2d 966 (2025); Itiowe v.

Robert Wood Johnson Univ. Hosp. Hamilton, 556 F. App'x 124, 125 (3d Cir.

2014) (non-precedential). If R.W., Jr. wishes, he may bring any claims through

his own counsel or on his own behalf when he turns 18, if he has not had a

birthday since the motion was filed six (6) months ago.

     As for the misrepresentations of the law noted by the court, Williams, Sr.

will be warned. In the future, any unchecked reliance on AI by the plaintiff will

result in sanctions, up to and including striking pleadings and dismissing claims

with prejudice.

### 3. Williams, Sr.'s Claims Will Be Stayed

     Williams, Sr. has also raised objections regarding the proposed dismissal

of his own Section 1983 claims. Plaintiff argues that he should be heard now, or

in the alternative, that his civil rights claims must be stayed rather than

dismissed.

     In this instance, it is prudent to grant Williams, Sr.'s request to stay the

action rather than dismiss his claims without prejudice. See Hook v. Pike Cnty.,

10

No. 3:23-CV-1204, 2024 WL 3237142, at *5–*8 (M.D. Pa. June 28, 2024)
(Mariani, J.) (citing <u>Williams v. Hepting</u>, 844 F.2d 138, 144–45 (3d Cir. 1988);
<u>Howard v. New Jersey Div. of Youth & Fam. Servs.</u>, 398 F. App'x 807, 811 (3d
Cir. 2010)); <u>see also</u> <u>Fleming v. Yates</u>, No. 1:21-CV-349, 2021 WL 6622489, at
*6 (M.D. Pa. Apr. 19, 2021), <u>report and recommendation adopted</u>, No. CV 1:21-
349, 2021 WL 5833441 (M.D. Pa. Dec. 9, 2021).  The court generally grants
such requests made by counsel in Section 1983 matters when their clients'
criminal cases remain pending.

Based on the stay, the case will be closed for administrative purposes.
Williams, Sr. will be directed to file a report with the court every forty-five (45)
days regarding the status of state court proceedings.

**Conclusion**

For the reasons set forth above, the court acknowledges Williams, Sr.'s
objections to the R&R but will not grant or deny them.  Given the unusual
circumstances, the court will not adopt the R&R.

Rather, upon *de novo* review, R.W., Jr.'s claims against the defendants will
be dismissed without prejudice.  Williams, Sr.'s claims against the defendants will
not be dismissed.  The court will grant plaintiff's request to stay his claims
pending the conclusion of his criminal case.  The court will impose conditions

upon Williams, Sr.'s conduct in this litigation.  His IFP motion will be granted.

The other pending motions will be denied as moot.  An appropriate order follows.

Date: _12/15/25_                          BY THE COURT:

                                          JUDGE JULIA K. MUNLEY
                                          United States District Court